UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEIR HELLER & SHAINDY HELLER *on behalf of her infant son S.H., as his next friend*,

Petitioners,

– against –

WILLIAM P. BARR, *in his Official Capacity as Attorney General of the United States*; THOMAS R. DECKER, *in his Official Capacity as New York Field Office Director for U.S. Immigration and Customs Enforcement*; JAMES MCHENRY, *in his Official Capacity as Director of the Executive Office for Immigration Review*,

Respondents.

<u>**ORDER & OPINION**</u>

19 Civ. 4003 (ER)

Ramos, D.J.:

Petitioners Meir Heller ("Petitioner") and Shaindy Heller, on behalf of her infant son, S.H., as his next friend (collectively, "Petitioners"), filed the instant petition for a writ of habeas corpus and complaint for declaratory and injunctive relief pursuant to 28 U.S.C. § 2241; the All Writs Act, 28 U.S.C. § 1651; the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.; the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq.; and Article I, Section 9, of the U.S. Constitution. Doc. 1. Petitioner challenges his continued detention by immigration authorities and seeks injunctive and declaratory relief, as well as immediate release from detention.

On May 3, 2019, Petitioners filed with the Court a petition for habeas corpus challenging the sufficiency of process of Petitioner's bond hearing, at which he was denied his request to be released on bond. Petitioners argue that the presiding Immigration Judge improperly placed on

Petitioner the burden of proof to show that continuing civil detention was unwarranted. On May 14, 2019, Respondents submitted a letter with the Court arguing that the case should be transferred to the U.S. District Court for the District of New Jersey, the district where Petitioner is confined.

On May 20, 2019, the Court held a hearing with the parties, during which the Court granted the government's motion to transfer the case the New Jersey, setting forth its reasoning on the record. The Court noted that an order and opinion would follow. This is that order and opinion.

To entertain a habeas corpus petition under 28 U.S.C. § 2241, a court must have jurisdiction over the petitioner's custodian. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973) (explaining that writ of habeas corpus does not act upon prisoner seeking relief, but upon his or her custodian). Accordingly, a habeas corpus petition should name as the respondent "the person who has custody over [the petitioner]," 28 U.S.C. § 2242, that is, the petitioner's "immediate custodian," *Rumsfeld v. Padilla*, 542 U.S. 426, 439–40 (2004). "[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held," and the writ is issuable only in "the district of confinement." *Rumsfeld*, 542 U.S. at 436, 442. "Non-core" challenges include challenges to forms of custody other than physical confinement, including orders of removal. *See, e.g.*, *Somir v. United States*, 354 F. Supp. 2d 215, 217 n.2 (E.D.N.Y. 2005) (collecting cases).

Although the Supreme Court in *Padilla* "left open the question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation," *id.* at 435 n.8, "a majority of district courts in this Circuit have applied the

2

immediate custodian rule to such challenges," *Cesar v. Shanahan*, No. 17 Civ. 7974 (ER), 2018 WL 1747989, at *1 (S.D.N.Y. Feb. 5, 2018) (citation and internal quotation marks omitted).

The Court finds that Petitioners raise a "core" habeas challenge and thus venue is only proper in the District of New Jersey, the district of Petitioner's confinement. Petitioners' argument that they are challenging the legal process of the bond hearing, as opposed the confinement that resulted from the legal insufficiency of the bond hearing, relies upon a false distinction. Petitioners seek as relief a bond hearing at which Petitioner can challenge his current detention.

Petitioners' argument that venue is proper in this district because infant S.H. is also a petitioner but not subject to confinement, such that the immediate custodian rule is inapplicable, is also unavailing. Allowing the case to proceed in this venue simply because one of the nominal petitioners in this case is not confined would provide an end-run around the immediate custodian rule that has no basis in *Padilla*.

Because this is a "core" habeas challenge, the immediate custodian rule of *Padilla* applies. At the time he filed his habeas petition and now, Petitioner was detained at the Bergen County Jail in Hackensack, New Jersey, which is in the District of New Jersey. However, Petitioner does not name as respondent his immediate custodian. Rather, Petitioner names several individuals who are best considered "remote supervisory officials." *See Rumsfeld*, 542 U.S. at 435 ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). Consequently, neither the present district nor the present respondents are proper.

Because Petitioner was confined in New Jersey at the time he filed this petition, and because the warden of the Bergen County Jail is his immediate custodian, the government's

motion to transfer this petition to the United States District Court for the District of New Jersey is GRANTED. *See* 28 U.S.C. § 1406(a). The Clerk of Court is respectfully directed to transfer this action to the United States District Court for the District of New Jersey as expeditiously as feasible.[1]

It is SO ORDERED.

Dated: May 22, 2019
New York, New York

Edgardo Ramos, U.S.D.J.

---

[1] Local Civil Rule 83.1 provides that "the Clerk [of Court], unless otherwise ordered, shall upon the expiration of seven (7) days effectuate the transfer of the case to the transferee court." To the extent this Local Rule applies, the Court hereby waives its application to the instant action.